Dodge v. Rogers.

---

Ossian E. Dodge, Appellant, vs. Hiram Rogers, Respondent.

APPEAL FROM THE DISTRICT COURT OF RAMSEY COUNTY.

If the charge of the court, upon the request of counsel, although not in the exact language of the request, is a substantial compliance with it, it is sufficient.

Dodge v. Rogers.

The construction of a written contract is matter of law for the court, the question of performance under it so construed is a fact for the jury to determine.

In charging a jury the court is required to give to the jury the law as applicable to the particular case under consideration, and when requested by counsel to charge upon specific points, if they cannot be given or refused positively, the court may give or refuse them, with such modifications or explanations as justice may require.

Under a contract in the following words: "R. contracts for all material to put up house, paying part in lots and pianos when possible, using his own judgment as if for himself—for which D. allows R. to make a selection of the best piano in the lot enumerated below and keep for himself, R." *Held*, that the effect of the contract is to confer on R. the right only, in the first instance, to select the piano, and refrain from renting or selling it; and that the contract did not, *ex vi termini*, pass the title to R., but that the performance of the contract was a *condition precedent* to his title.

When the performance of a condition is prevented or rendered impossible by the party for whose benefit it was to be performed, the condition is deemed in law performed, or its performance waived or excused.

Points and authorities of Appellant.

The district judge erred in refusing the instructions asked by Plaintiff's counsel and in the instructions given to the jury.

The contract under which the Defendant claimed title was a written executory contract. No title passed by it from Plaintiff to Defendant. By this contract the Defendant obtained a right to the piano upon and only upon performance of the contract.

Services rendered upon the contract, but short of performance, might entitle the Defendant to just compensation from the Plaintiff for such services; but they would not entitle him to the piano —much less actually pass the title in it from Plaintiff to Defendant. The instructions therefore asked by the Plaintiff should have been given.

LORENZO ALLIS, Counsel for Appellant.

SMITH & GILMAN, and BRISBIN & WARNER, Counsel for Respondent.

*By the Court*—McMILLAN, J.—This is an action brought by

the Plaintiff to recover one piano. The complaint avers a wrongful taking and detention of the property, and a refusal by the Defendant to deliver it, although thereto often requested.

The Defendant in his answer denies the wrongful taking and detention, and denies that the piano was the property of the Plaintiff, and avers ownership in himself.

The cause was tried by jury in the court below, and a verdict was given for the Defendant.

The only exceptions which appear in the case are those taken to the charge of the court, and the refusal of the court to charge in accordance with the requests submitted by the Plaintiff. These we shall consider.

The second request submitted by the Plaintiff was as follows: "Under the pleadings it is incumbent on the Defendant to prove that the title of the Defendant is an absolute and perfect title, otherwise his defence fails; no interest or claim in the piano on the part of this Defendant, short of absolute ownership, will constitute any defence in this action."

Upon this request the court charged as follows: "Plaintiff's second request is also correct, in so far as this, that the issue relates to the title, and that Defendant must satisfy you by a fair preponderance of evidence that he is the owner. The language complete and perfect title, means no more than this. When Defendant makes out a title, it is a complete and perfect one of course. Defendant claims no lien or partial interest in the piano; he claims to own it, and to have owned it from the time of the contract."

We see no error in this portion of the charge. Although not in the exact language of the request it is a substantial compliance with it. The jury are clearly informed that no lien or partial interest in the property is made by the Defendant—that the only issue before them on this branch of the case is that of general ownership, which is substantially the request made. We cannot suppose the jury misapprehended the point.

The third request of the Plaintiff is in the following language:
"Under the written contract in evidence no title to this piano

passed to the Defendant until he, the Defendant, had performed his part thereof. By the terms of this writing the Defendant, on his part, was to contract for all material to put up house, paying part in lots and pianos, when possible, using his own judgment, as if for himself. It is for the jury to determine from the evidence in this case whether the Defendant has thus contracted and performed his part."

The following is the charge of the court in response to this request:

"Defendant claims under his contract, and if he has performed it, in the language of Defendant's first request, he is entitled to a verdict. What was the contract? Whether the Defendant has performed it is for the jury to say; its construction is for the court. Thus qualified Plaintiff's third request is correct."

As we apprehend the language, the third request of the Plaintiff was given to the jury, with the single qualification, that the construction of the contract was matter of law for the court, and the question of performance under it, so construed, was a fact for the jury to determine. In this there was no error.

The fourth and fifth requests we shall consider together. They are as follows:

" The performance on the part of the Defendant must have been complete, otherwise he cannot recover in this action. No partial performance, on the part of Defendant, of this contract, would entitle the Defendant to this piano, although it might entitle him to recover of Plaintiff what his services were worth in an action for that purpose."

" The jury must distinguish in this case between negotiations or a treaty for a contract, and the contract itself. These negotiations, however extensive and laborious, carried on by Defendant under this written agreement, which never resulted or terminated in any contract or contracts, would not be a performance of this agreement on his part. In such case he might be entitled, in a proper action, brought for that purpose, to recover of Plaintiff whatever his services were reasonably worth, but he would not be entitled to this piano."

Dodge v. Rogers.

The charge excepted to is as follows :

" (The) jury must observe that the right to select may not be identical with, or decisive of, the right to the piano, that is, the right to select, and its exercise by Defendant, may not operate to pass the title to the piano.

" By the terms of the written contract, as I understand them, Defendant had the right to select the piano at once, and to refrain from renting or selling it, either for cash or by way of trade, in procuring house material, as he was bound to do, or try to do, with the rest of Plaintiff's pianos.    The piano was already in Defendant's possession, and the question is, has the Defendant performed his contract so as to entitle him to keep it as his own ?    Has he done so ?    Plaintiff claims that Defendant must have contracted literally, that is, actually signed the contracts for the erection of the house.

" Under the evidence in this case, and in view of the subject matter of the contract, it will be seen that the substantial part of this contract is the obtaining material in a reasonable, cheap and judicious manner, as Defendant might be supposed to do were the business his own.    Merely making and signing a contract would not have been sufficient.    The skill, diligence and judgment of the Defendant were to be exercised for Plaintiff's benefit as for himself.    What kind of a house was to be built ?    Of what material and cost ?    According to what plan ?    Did Plaintiff employ the architect, and give him the outline of a plan ?    Did the architect deceive Plaintiff or Defendant, or both, as to the cost of the house ?

" These and other points arising out of the evidence, the jury must consider, and then determine whether or not Defendant performed his contract."

The jury were also instructed " that if the Defendant went on in good faith to perform his contract with the Plaintiff and did perform all that said contract required him to perform, but without procuring the contracts for the erection of the house to be actually signed, which latter step was prevented by the Plaintiff, and if, at the same time, the Defendant had possession of the

piano under his contract, the contract must be regarded as performed, and the Plaintiff cannot recover.   That if the piano was delivered to Defendant, or if the Plaintiff sanctioned the Defendant taking it as his own, under the contract, Plaintiff cannot now recover it back, unless he shows that the Defendant refused or failed, without fault of Plaintiff, to perform his part of the contract.   That Plaintiff's fourth request is correct, that is, if the Defendant has not done all the contract required him to do, as above-stated, he cannot have a verdict."

In charging a jury, the Court is required to give to the jury the law as applicable to the particular case under consideration; and when requested by counsel to charge upon specific points, if they cannot be given or refused positively, the Court may give or refuse them, with such modifications or explanations as justice may require.

It frequently occurs that propositions are presented abstractly correct, which, applied to a particular case, would not only do great injustice, but be entirely erroneous.

Such the Court deemed the requests in this instance, and therefore proceeded to give to the jury, first, the construction of the contract, as to its effect in passing the title to the property; second, the law as to what constitutes a performance of the contract.

Upon the first point, distinguishing between the right to select and the vesting of the title to the instrument, the Court charged that the effect of the contract is to confer on the Defendant the right only, in the first instance, to select the piano, and refrain from renting or selling it; and that the contract did not, *ex vi termini*, pass the title to the Defendant, but that the performance of the contract by the Defendant was a condition precedent to the Defendant's title.   We see no error in this portion of the charge. The right of the Defendant to select the piano, under the contract, must have been *in præsenti*, else the right of the Defendant might have been curtailed or entirely defeated, since, by the terms of the contract, he was to pay, in part, for the building to be erected, in lots and pianos, when possible.   And such seems to

Dodge v. Rogers.

have been the construction given to the contract by the parties themselves, as evinced by their action at the time of making the contract, the Defendant having selected and taken the piano with the concurrence of the Plaintiff, and his assistance in making the choice.

Upon what constitutes performance, by the Defendant, under this contract, the substance of the charge of the Court is, that if the Defendant, having possession of the piano under this contract, had performed all he was required to, except the mere execution of the contracts for building, and if this was prevented by the Plaintiff, the contract must be regarded as performed, and the Plaintiff could not recover. With this modification or explanation, the Court charged the fourth request as correct.

The facts upon which the Plaintiff based his right to stop the work must be deemed to have been found by the jury adversely to the Plaintiff, since there was evidence *pro* and *con* on the subject, and the verdict is general, and no exception is taken on this ground. The only question, then, is whether, when the performance of a condition is prevented, or rendered impossible by the party for whose benefit it was to be performed, the condition is deemed, in law, performed, or, its performance waived or excused. This principle, we think, is well settled.

" In all cases the promiser will be discharged from liability if the *promisee* do any act which renders it impossible for the former to perform his engagement; or omit to perform some act necessary to be performed on his, the promisee's, part. And in such case the promiser stands in the same situation as though performance of the contract on his part had been perfected." *Chitty on Con.*, 738.

While, therefore, as an abstract proposition, the request was correct, as applicable to this case it was erroneous, and the Court was right in giving it with the modification stated.

The fifth request of the Plaintiff is but an amplification of the fourth, the gist of both being what constitutes performance in this case, and the refusal to charge it, otherwise than as modified by the charge of the Court, was not error.

The judgment of the Court below is affirmed.