Shaw v. Robertson.

Henry M. Shaw,

*v.*

Daniel A. Robertson.

In this case, evidence of the declarations of the alleged fraudulent vendor was offered for the purpose of impeaching a sale of goods ; *Held*, that the facts, as they appear in the case, not showing that said vendor was in possession of the goods at the time of making the declarations, the evidence offered was incompetent.

This action was commenced in the District Court for Ramsey County ; issue was joined and upon a trial a verdict was rendered in favor of plaintiff. The cause comes to this Court, by appeal from an order denying a motion for a new trial. A sufficient statement of the case will be found in the opinion of the Court.

Stanford Newell, for Appellant.

Lorenzo Allis, for Respondent.

*By the Court*—BERRY, J. This is an action of claim and delivery. The respondent, who was plaintiff below, claimed title to the goods replevied by him through a sale from one E. B. West, and introduced evidence tending to establish such sale. The appellant, as Sheriff, justified the taking under the levy of an execution against said West, and for the purpose of showing that the alleged sale was fraudulent, proposed to give in evidence certain declarations of West, the plaintiff's vendor. In the language of the bill of exceptions, the offer was "to prove declarations of E. B. West, the vendor, while continuing in possession of the property, to show that the property was not at the time of the levy, the property of the plaintiff, and to show that the transfer to the plaintiff of said property was fraudulent." It occurs to us that there is a dis- crepancy between the offer, as it thus appears of record, and the construction of the offer, as it is to be gathered from the points of the appellant's counsel, and his argument at bar, as well as from the decision of the Judge below.

By the points and argument, it seems to be conceded, that the appellant in making his offer, proposed to rest upon the evidence already in the case in proof of the vendor's continu- ing possession, and did not propose to introduce further evidence upon that point, while the offer, as it is reported in the bill of exceptions, would seem to imply an intention to show the continuing possession of the vendor, as well as his declarations ; we deem it proper to adopt and act upon the construction which the appellant puts upon his offer, as pre- senting the real point in controversy. Whether the declara- tions of an alleged fraudulent vendor, continuing in possession of the property sold, made subsequently to the sale, are admissible against the vendee for the purpose of impeaching such sale, it is entirely unnecessary to determine in this case. It is not claimed here that the declarations of the vendor

would be admissible unless he was in possession of. the property at the time when they were made, nor do the authorities which hold such declarations competent, admit them without proof of such possession. The only testimony as to the fact of possession was that of John J. Shaw, who testified "that he bought the property described in the complaint of one Eben B. West, * * * that he had never had the property in his possession, that he saw it at the time he bought it at Mr. West's store, * * * that he left it there at the store because he had no place to put it, and considered it safe there; that this purchase was at the store of S. B. West & Co.; that at the time of the sale the property was set aside for him, to be taken at any time; that he selected it out, and it was not left with the other things; it was sorted out by itself." There is nothing to show that E. B. West was a member of the firm of S. B. West, & Co., nor is there anything to show that E. B. West was in the occupation of the store of S. B. West & Co., as partner or otherwise. We think the evidence fails to establish that possession of the goods necessary as a foundation for the introduction of the declarations.

As their exclusion is the only ground of exception, the order denying the motion for a new trial must be affirmed.