CHARLES BLACKMAN

*vs.*

WILLARD WHEATON.

In an action for the recovery of specific personal property, the plaintiff's title to which depends upon a deed of assignment, the validity of which is assailed on the ground of actual fraud in its execution, the question of fraud is properly submitted to the jury.

The mere omission of a provision embracing goods, chattels, and things in action, from a section of the statute declaring void, conveyances and assignments of estates or interests in land, made with intent to hinder, delay or defraud creditors, will not be construed to be a repeal of the common law rule, which renders a transfer or assignment of goods and chattels, made with such intent, fraudulent and void as to creditors.

A variance between the allegations in a pleading, and the proof upon the trial, when it does not appear that the party alleging ever was or

Blackman v. Wheaton.

could be misled to his prejudice thereby, will not, in reviewing the case on appeal, be regarded as material.

Under our statute an attachment against property may be issued simultaneously with the summons, and as the issuing of the summons is required to be concurrent with, or prior to the issuing of the attachment, it will be presumed, *prima facie*, in an action in a Court of superior jurisdiction, that the summons issued at or before the time at which the attachment issued.

Where personal property is seized by an officer by virtue of a single warrant of attachment, in an action brought against such officer for the wrongful taking and *detention* of the property, other attachments, although not issued until after the original taking of the goods, if executed by attaching the property, are competent evidence.

When a case is brought to this Court on a bill of exceptions, it is incumbent on the appellant to show specifically the existence of error, otherwise the presumptions are in favor of the regularity of the proceedings.

The Court, when requested to charge as the law, a proposition abstractly correct, may give it in a charge to the jury with such proper modifications as make it applicable to the case.

The Court refused upon request to charge that the declarations of an assignor, after the execution of a deed of voluntary assignment, were no evidence against the assignee; but charged in lieu thereof, that the declarations of the assignor after the assignment were no evidence against the assignee, unless connected with the original making of the assignment in some way. *Held*, that in view of the refusal to charge the proposition submitted, the instruction as given was at least not sufficiently definite.

An erroneous charge in relation to a mere abstract proposition of law not applicable to the case, where it is manifest no injury could have resulted to the party alleging error, will not be a ground for a new trial.

This action was brought in the District Court for Steele county, and was tried before a jury. A number of exceptions were taken to the rulings of the Court below during the trial, before the charge to the jury, which with the issues joined in the action are fully stated in the opinion of the Court. At the close of the testimony, the plaintiff submitted the following propositions of law, and asked the Court to give them in charge to the jury:

1. " That the only issue presented under the pleadings in

this case, is, whether or not the transfer from Hempel to Blackman, was made in trust for the use of Hempel; that is, made for the use and benefit of Hempel, the assignor himself. Such a trust may appear from the face of the instrument or from extraneous facts directly surrounding and attending the transfer. In this case there is no such trust on the face of the instrument of transfer. Hence the trust, if any, in this case, must appear or be shown by extraneous facts directly surrounding or attending the transfer. No such trust, not appearing on the face of the instrument, could be created without the knowledge or complicity of Blackman, the assignee."

The Court refused to give the instruction, and the plaintiff excepted.

2. "That in this case the jury must believe from the evidence before them that Blackman received and held the goods in trust for the use and benefit of Hempel, or they must find a verdict for the plaintiff."

The Court refused to give the instruction, and the plaintiff excepted.

3. "That the retention of some portion of the goods assigned by the assignor, does not invalidate an assignment for the benefit of creditors, because the assignee may recover the property retained, by an action."

And the Court gave the same with the modification following: "That the retention of some portion of the goods assigned by the assignor does not in and of itself necessarily invalidate the assignment, but such retention may be evidence proper for the consideration of the jury in connection with the other testimony in the case upon the question with what intent on the part of the assignor was the assignment made." And the Court in this connection and at the request of the plaintiff further charged, "that no acts of the assignor except

those immediately connected with the making of the assignment are admissible to characterize the assignment itself. Other acts of the assignor are wholly immaterial. The general bad character of the assignor, or his general dishonest conduct, or dishonest acts of the assignor, not immediately connected with the execution of the assignment, in no way characterize the assignment itself, and are no evidence that the assignment is fraudulent. The retention of trivial portions of the property assigned by accident or otherwise is no evidence of fraudulent intent."

And the plaintiff's counsel then excepted.

4. "That the declarations of Hempel, the assignor, after the assignment, are no evidence against Blackman the assignee."

The Court refused to give the instruction, but in lieu thereof instructed the jury: "That the declarations of Hempel the assignor after the assignment are no evidence against Blackman the assignee, unless connected with the original making of the assignment in some way." And the plaintiff excepted.

The jury found a verdict for the defendant; judgment was entered, and the plaintiff appeals therefrom to this Court.

ALLIS & WILLIAMS for Appellant.

G. E. COLE for Respondent.

*By the Court*—McMILLAN, J.—Upon the trial of this cause the plaintiff's counsel moved that the action be tried by the Court, on the ground that the only issue was an equitable one; the Court denied the motion, and directed a trial by jury. The action is in the nature of replevin; the answer admits the taking of the goods, but alleges that the defendant, as sheriff, by virtue of certain attachments against one

E. L. Hempel, took the goods as the property of said Hempel; that the plaintiff's only title to the goods is under a deed of assignment from said Hempel, which the answer alleges "was and is fraudulent and void, and was made by said Hempel with intent and for the purpose of creating a trust for him, said Hempel, and with intent to hinder, delay and defraud his, said Hempel's creditors." It is provided by our statute that "An issue of fact in an action for the recovery of money only, or of specific real or personal property, or for a divorce from the marriage contract on the ground of adultery, shall be tried by a jury, unless a jury trial is waived as provided by law, or a reference ordered as provided by statute relating to referees." *Gen. Stat., ch.* 66, *sec.* 198. "Every other issue of fact shall be tried by the Court, subject, however, to the right of the parties to consent, or of the Court to order that the whole issue, or any specific question of fact involved therein, be tried by a jury or referred. *Ib., sec.* 199, *p.* 478.

The issue certainly arises here in an action for the recovery of specific personal property. We do not understand the counsel for the plaintiff to deny that the issue submitted was as to whether the deed was *in fact* made in trust for Hempel; if so, it is certainly embraced within the section above cited, and was properly for the jury. But we think the question as to the fraudulent intent of the assignor was in issue, and was properly for the jury. The statute of 13 *Eliz., c.* 5, and the statute of our State rendering void certain conveyances made with a fraudulent intent, are but declaratory of the common law. 1 *Story Eq. Jur., sec.* 352; *Roberts on Fraudulent Conveyances*, 3–8 ; *Hamilton vs. Russel*, 1 *Cranch.*, 310 ; *Sturtevant vs. Bullard*, 9 *John's.*, 339 ; *Curtis vs. Leavitt*, 15 *N. Y.* 114–124. Unless there is a conflict between the provisions of a statute and those of the common law relating to the

same subject matter, or an evident intent of the legislature to repeal the common law, the latter, so far as it applies to the circumstances, will be recognized by the Courts as operative here. *State vs. Pulle*, 12 *Minn.* The mere omission of a provision embracing "goods, chattels and things in action" from a section of the statute declaring void, conveyances and assignments of estates or interests in land, made with intent to hinder, delay or defraud creditors, &c., will not be construed to be a repeal of the common law rule, which renders a conveyance of goods and chattels, made with such intent, fraudulent and void as to creditors, &c. The defendant offered in evidence sundry writs of attachments in certain actions, by virtue of which the defendant, as sheriff, took and detained the property. One is dated on the 20th of November, 1866 ; seven are dated on the 21st of the same month, and one on the 14th of December, 1866. The orders of the Court allowing the writs made in the actions respectively in which they were issued, were also offered and received in evidence.

The goods were seized by the sheriff on the 20th of November, 1866. The first objection to the attachments and orders is that they are not pleaded. The language of the answer in this respect is that the defendant "took said property as the property of said Hempel, under and by virtue of certain writs of attachments, duly allowed and issued out of and under the seal of said Court, in certain suits therein pending, wherein James W. Dresser, William W. Hoyt & Co., Norton & Tuttle, Pope & Baldwin, Morrison, Bohrer & Reeves, John O. Farwell & Co., Kimball, Stevens & Co., J. D. Blake and other parties, creditors of said Hempel, were plaintiffs, and said Hempel was defendant." The pendency of the actions should have been alleged more definitely, at least by designating the plaintiff in each action, but we are unable to

see that the plaintiff was or could be actually misled to his prejudice in maintaining his action on the merits; if he were so, he should have proved it to the satisfaction of the Court, and showed in what respect he was misled; neither of which he did, and in reviewing the case on appeal, in view of *sec.* 100, *ch.* 66, *Gen. Stat.*, we can not regard the variance between the allegation and the proof as material. The second objection to this testimony was, that it was not shown that any of the actions in which the attachments purported to have been issued or made were pending in Court. It is not necessary, under our statute, that an action be pending at the time the attachment issues; it may issue at the time of issuing the summons, or afterwards. *Genl. Stat.*, *ch.* 66, *sec.* 128. An action is not commenced until the summons is served on the defendant, or at least until it is delivered to the sheriff or other officer of the county with the intent that it shall be actually served. *Genl. Stat.*, *ch.* 66, *secs.* 13, 14.

The attachment may therefore be issued simultaneously with the summons, and as the issuing of the summons is required to be concurrent with, or prior to the issuing of the attachment, it will be presumed, *prima facie*, in an action in a court of superior jurisdiction, that the summons issued at or before the time at which the attachment issued. The third objection to this evidence is, that all the writs of attachments, except the one first offered, were issued after the taking complained of. We think this objection is not tenable. As damages were claimed for the detention of the goods by the defendant, although the original taking might be wrongful, yet, if the next day, by virtue of attachments in his hands, the sheriff attach the goods, his detention of them from the time they were so attached, would be lawful.

These views dispose also of the third objection. If the judgment only was read in evidence it would prove at most

only an indebtedness at the time of the commencement of the action.   But this case is brought before us on a bill of exceptions, and it is incumbent on the appellant to show specifically the existence of error, otherwise the presumptions are in favor of the regularity of the proceedings.   While it is stated in the bill of exceptions that the judgment in the roll was read in evidence, it does not appear that the judgment only was read in evidence; and it appears that the judgment roll was offered in evidence for the purpose only of showing the indebtedness of Hempel to Blake, and that the plaintiff's objection to the evidence was overruled.   It will be presumed, since the contrary does not appear, that the entire roll was read in evidence, and established an indebtedness from Hempel to Blake, at or prior to the assignment by the former.   But in addition to this, other evidence was given tending to prove the existence of the indebtedness from Hempel to the plaintiff in the several actions respectively, at and prior to the assignment, the objections to which were the same as those to the reception of the writs of attachment, already passed upon adversely to the plaintiff; the question therefore being one of fact was properly before the jury.

The admission of the testimony of Peter Harf and Oscar Gross, we think is not ground for a new trial.   The fact that goods were seen by the former in an upper story of Hempel's house about a week, less or more, before the assignment, from which place he had a short time previously removed his stock to another store; the subsequent covering the window with a blind; the removal of two large trunks from the room up stairs in Hempel's house to the railroad depot, marked H. L. E., St. Louis, Missouri; the change of the address of the trunks from H. L. E., to William Constans, St. Louis, Missouri, when the witness Gross informed Henry Constans, the clerk of Hempel, that the railroad agent would not receipt

for the trunks without the full name on them, three days af-
ter the assignment, were circumstances proper to be consid-
ered by the jury in determining the character of this assign-
ment.

The counsel respectively having rested the case, the plain-
tiff submitted certain propositions of law and asked the Court
to give them in charge to the jury.

The exceptions of the plaintiff to the refusal of the Court
to charge the jury in accordance with the first and second
requests contained in the bill of exceptions, are necessarily
disposed of adversely to the plaintiff. The view we have al-
ready expressed, that the intent of the assignor to defraud
his creditors by the assignment, was in issue and properly
submitted to the jury.

The third request submitted was given, but accompanied
with a modification.

The charge as given was correct in principle, and we see
no reason why the modification was not proper in all re-
spects. *Dodge vs. Rogers*, 9 *Minn.*, 223.

The fourth request submitted was correct as a general
proposition. *Burt vs. McKinstry*, 4 *Minn.*, 210, 211; *Shaw
vs. Robertson*, 12 *Minn.*, 446, *and the charge as given:*—
"That the declarations of Hempel, the assignor, after the
assignment, are no evidence against Blackman, the assignee,
unless connected with the original making of the assignment
*in some way*," in view of the refusal to charge the proposition
submitted, was, at least, not sufficiently definite. But it is
urged by the defendant that the request was an abstract
proposition merely, and had no bearing on the case, there not
being a particle of evidence of any declaration of the assign-
or, either after the sale, or at any time, and the paper book
accords with this statement. There is no testimony whatever
upon the subject of the declarations of the assignor. And

as this is a bill of exceptions, it is as we have seen, incumbent on the appellant to show an error prejudicial to him. But if the proposition was a mere abstract one, not having any application to the case, no injury could result to the plaintiff. An erroneous charge in relation to a mere abstract proposition of law, not applicable to the case, and when it is manifest no injury could have resulted to the party against whom the error was committed, will not be a ground for a new trial. As this disposes of the plaintiff's exceptions favorably to the defendant, it is altogether unnecessary to consider the question presented by the defendant's counsel, whether the assignment is not void upon its face.

The judgment is affirmed.