C. H. Benton *vs.* Victor E. Snyder, Defendant, and
C. P. Walbridge & another, Garnishees.

October 19, 1875.

**Statutory Action against Garnishee.**—Section 1, ch. 141, Sp. Laws 1874, provides that the municipal court of the city of Minneapolis "shall not have jurisdiction of any action where the relief asked for in the complaint is purely equitable in its nature." *Held*, that this provision has no reference to proceedings in garnishment under Gen. St. ch. 66, § 158.

**Assignment for Creditors, Authorizing Sales on Credit, Void.**—*Greenleaf* v. *Edes*, 2 Minn. 264, and *Blackman* v. *Wheaton*, 13 Minn. 326, followed.

Appeal by Walbridge and the National Exchange Bank of Minneapolis, garnishees, from a judgment of the municipal court of the city of Minneapolis.

*C. P. Walbridge* and *A. N. Merrick*, for appellants.

*Benton & Benton*, for respondent.

Berry, J.   The plaintiff brought an action against defendant, Snyder, and summoned the other two defendants as garnishees.   Judgment was rendered against Snyder, and the garnishees disclosed, the bank that it held a certain sum of money ($188.00) which had been deposited therein by Walbridge in the name of "C. P. Walbridge, assignee," and Walbridge that he was entitled to hold the deposit by virtue of a written assignment to him by Snyder of certain personal property, in trust for creditors, of which property the deposit was proceeds.   The plaintiff filed a supplemental complaint, under the provisions of Gen. St. ch. 66, § 158, setting up facts going to show that the assignment was void as to him, and that the garnishees were chargeable, and prayed for judgment against them accordingly.   The garnishees answered, in effect denying the alleged invalidity of the assignment.   The issue thus raised was tried by the municipal court of the city of Minneapolis, in which the proceedings were pending, and judgment ordered against the garnishees for the sum of $117.90 and the costs of the principal action, (being the amount of the judgment

against Snyder,) and for the costs of the garnishee proceedings.

Section 1, ch. 141, Sp. Laws 1874, (the act establishing the municipal court mentioned,) provides that it shall not have jurisdiction "of any action where the relief asked for in the complaint is purely equitable in its nature." The garnishees contend that the relief asked for in the supplemental complaint in this case is purely equitable in its nature, and that, therefore, the municipal court exceeded its jurisdiction. Whether the garnishees are right or not in this notion of the character of the relief asked for, it is unnecessary to enquire, for the action referred to in the statute is evidently the principal action—that is to say, in this case, the action against Snyder, the defendant, and not a proceeding like that in garnishment, which is merely ancillary to the principal action, and is, in reality, nothing more than a mode of attaching property to secure the judgment which may be recovered against the principal defendant, and of making such attachment finally effectual.

Inasmuch as the assignment in this case authorized the assignee to sell the assigned property upon credit, the court below was entirely correct in holding it to be void as against the plaintiff, who had in no way assented to the assignment. *Greenleaf* v. *Edes*, 2 Minn. 264; *Mower* v. *Hanford*, 6 Minn. 535. The common law rule—that assignments of personal property, made for the purpose of hindering, delaying, or defrauding creditors, are void as against such creditors—is in force here, notwithstanding the want of a similar statutory rule. *Blackman* v. *Wheaton*, 13 Minn. 326.

As to the objection that the court below erred in not limiting the amount of the judgment against the garnishees to the amount of the property in their hands, it is enough to say that, as there is nothing to show that the former amount exceeded the latter, it does not appear that the garnishees have suffered any prejudice in the premises.

Order affirmed.