GEORGE W. BYRNES *vs.* JOHN VOLZ *et al.*

Submitted on briefs April 10, 1893.   Decided April 27, 1893.

**Transfers of Goods and Chattels, Fraudulent as against Creditors.**

   By force of the common law, partially declared in our statute of frauds, transfers of goods and chattels with intent to hinder or defraud "creditors or other persons of their lawful actions," etc., are voidable, although "goods and chattels" are not named in our statute.

**Same—As against a Wife Suing for Divorce and Alimony.**

   This principle is applicable with respect to others than existing *creditors*, in the strict sense of the word. It is operative in favor of a wife suing for a divorce and alimony. It is operative also as to *subsequent* creditors intended to be defrauded; and the wife becomes such upon the recovery of judgment for alimony.

**Same—The Transferee cannot Retain for His Own Claim.**

   Property having been transferred by the husband, pending the action for divorce, in consideration in part of an agreement by the purchaser to board or support the husband, the intent of both parties being to render ineffectual any judgment which the wife might recover, she may avoid the transfer after she recovers judgment.   The illegal consideration renders the transfer void, even though it was coupled with the further consideration that the purchaser should pay certain debts of the husband. The purchaser, being guilty of actual fraud, is answerable for the proceeds of the property, without allowance even for debts paid in accordance with his agreement.

   Appeal by Charles Thonet, one of the defendants, from a judgment of the District Court of Rice County, *Thomas S. Buckham,* J., entered September 13, 1892, against him for $350.49 and costs.

   Eveline L. Schacht commenced an action June 17, 1891, against her husband, Adolph F. Schacht, for divorce and alimony, and on January 28, 1892, recovered judgment as prayed with $334.23 for alimony, counsel fees and costs.   Execution was issued and returned unsatisfied, and in proceedings supplemental thereto, the plaintiff, George W. Byrnes, was on February 5, 1892, appointed receiver of Schacht's nonexempt property.   Schacht held a note for $500, due in three years, without interest, given him by defendant John Volz. In December, 1891, he indorsed and transferred it to his son-in-law, the defendant Charles Thonet, for $425, to be paid as follows:   $200

in board for one year next ensuing, $45 debt then owing by Schacht to Thonet, and the balance on certain debts that Schacht was owing to other parties named. Thonet then knew of the divorce suit, and that Schacht intended by the sale of the note to prevent his wife from collecting alimony. After the supplemental proceedings were commenced, Volz bought in his note for $425, and Thonet paid out $209.50 of the money upon just debts that Schacht was owing.

The receiver brought this action against Schacht, Thonet and Volz, and on proof of these facts, recovered judgment against Thonet for the amount due on the wife's judgment, with interest and costs. Thonet alone appeals.

*Thomas H. Quinn,* for appellant.

A conveyance of personal property is not void, under the statute relating to fraudulent conveyances, because made with the purpose of defeating the collection of a judgment for alimony subsequently obtained by the wife. 1878 G. S. ch. 41, § 18. The wife is not included in the term "creditor," as used in the statute. 1878 G. S. ch. 41, § 16. These sections do not give the wife a right of action, to set aside fraudulent transfers of personal property.

Assuming the conveyance fraudulent as to the divorced wife, she has no further right than to recover the property remaining in Thonet's hands. If Schacht had a right to pay his debts out of his property, then he had a right to pay Thonet the forty-five dollars he owed him, and to authorize the payment by Thonet of his other debts. The question must be, what moneys did Thonet have in his hands belonging to Schacht at the commencement of this action? To now charge Thonet with the repayment of the amount paid by him for Schacht's debts, would be to punish him for doing an act that Schacht was at liberty to do, and for which, if done by him, Mrs. Schacht could not complain.

*H. S. Gipson,* for respondent.

At the time of the transfer of the $500 note to Thonet, the wife was a creditor in the sense and spirit of the law relative to conveyances and transfers with intent to defraud creditors. *Livermore* v. *Boutelle,* 11 Gray, 217; *Burrows* v. *Purple,* 107 Mass. 428; *Chase* v. *Chase,* 105 Mass. 385; *Stuart* v. *Stuart,* 123 Mass. 370; *Morrison* v.

*Morrison*, 49 N. H. 69; *Picket* v. *Garrison*, 76 Iowa, 347; *Damon* v. *Damon*, 28 Wis. 510; *Way* v. *Way*, 67 Wis. 662; *Draper* v. *Draper*, 68 Ill. 17; *Tyler* v. *Tyler*, 126 Ill. 525; *Bishop* v. *Redmond*, 83 Ind. 157; *Foster* v. *Foster*, 56 Vt. 540; *Bailey* v. *Bailey*, 61 Me. 361; *Lott* v. *Kaiser*, 61 Texas, 666; *Nix* v. *Nix*, 10 Heisk. 546; *Atkins* v. *Atkins*, 18 Neb. 474; *Gregory* v. *Filbeck*, 12 Col. 379.

The omission in 1878 G. S. ch. 41, § 18, of a provision relating to fraudulent conveyances and transfers of personal property, does not abrogate the common-law rule, that such transfers are likewise void. *Blackman* v. *Wheaton*, 13 Minn. 326, (Gil. 299;) *Benton* v. *Snyder*, 22 Minn. 247; *Fox* v. *Hills*, 1 Conn. 294; *Sands* v. *Codwise*, 4 Johns. 537.

Our statute and the English statutes, 13 Elizabeth, ch. 5, are only declaratory of the common law which vitiated equally, fraudulent conveyances of real estate, and transfers of personal property. *Bouslough* v. *Bouslough*, 68 Pa. St. 495; *Reeg* v. *Burnham*, 55 Mich. 39; *Brooks* v. *Caughran*, 3 Head, 465.

Lord Mansfield said, (Cowper, 432:)    "The principles and rules of the common law, as now universally known and understood, are so strong against fraud in every shape, that the common law would have attained every end proposed by the statutes; 13 Elizabeth, ch. 5, and 27 Elizabeth, ch. 4." These statutes cannot receive too liberal a construction, or be too much extended in suppression of fraud, as well as to lands and tenements as to goods and chattels.

It has been held that a fraudulent transfer made in contemplation of a breach of promise of marriage is voidable.    *Hoffman* v. *Junk*, 51 Wis. 613; *McVeigh* v. *Ritenour*, 40 Ohio St. 107. Also one to avoid a claim founded in tort, *Jackson* v. *Myers*, 18 Johns. 426; or for libel or slander; *Cooke* v. *Cooke*, 43 Md. 522; *Hall* v. *Sands*, 52 Me. 355; or one founded on seduction of wife.    *Hunsinger* v. *Hofer*, 110 Ind. 390.

A *bona fide* purchaser must have been without notice, not only when he received the transfer, but at the time he actually paid the consideration therefor.    *Minor* v. *Willoughby & P.*, 3 Minn. 225, (Gil. 154;) *Marsh* v. *Armstrong*, 20 Minn. 81, (Gil. 66;) *Dixon* v. *Hill*, 5 Mich. 404; *Warner* v. *Whittaker*, 6 Mich. 133; *Blanchard* v. *Tyler*,

12 Mich. 339; *Macauley* v. *Smith*, 132 N. Y. 524; *Kohl* v. *Lynn*, 34 Mich. 360; *Dows* v. *Kidder*, 84 N. Y. 121.

Although he has given security for the purchase money, yet, if it was not in fact paid before notice, he will not be protected. *Jewett* v. *Palmer*, 7 Johns. Ch. 65; *Jackson* v. *McChesney*, 7 Cowen, 361; *Thomas* v. *Stone*, Walker, Ch. 117; *Weaver* v. *Barden*, 49 N. Y. 286.

The only claim here is, that Thonet had given a promise merely, to the fraudulent assignor, Schacht, for future support, with no security whatever for its fulfillment. It was fraudulent *per se*. *Henry* v. *Hinman*, 25 Minn. 199; *Tupper* v. *Thompson*, 26 Minn. 385; *Moore* v. *Wood*, 100 Ill. 451; *Gordon* v. *Reynolds*, 114 Ill. 118.

The antecedent debt which Schacht owed Thonet, of $45, did not constitute a valuable consideration entitling Thonet to protection. *Baze* v. *Arper*, 6 Minn. 220, (Gil. 142;) *McGraw* v. *Solomon*, 83 Mich. 442; *Edson* v. *Hudson*, 83 Mich. 450.

Thonet cannot be protected even though he paid at the time of the transfer full value for the note. *Gardinier* v. *Otis*, 13 Wis. 461; *Avery* v. *Johann*, 27 Wis. 246; *Ferguson* v. *Hillman*, 55 Wis. 181; *Davis* v. *Leopold*, 87 N. Y. 620; *Billings* v. *Russell*, 101 N. Y. 226; *Baldwin* v. *Short*, 125 N. Y. 553; *Hamilton Nat. Bank* v. *Halsted*, 134 N. Y. 520; *Lobstein* v. *Lehn*, 120 Ill. 549.

The court properly directed entry of a money-judgment against Thonet. A court of equity may adapt its relief to the exigencies of the case, and may, when that is all the relief needed, order a sum of money to be paid plaintiff, and give him a personal judgment therefor. *Murtha* v. *Curley*, 90 N. Y. 372; *Lynch* v. *Metropolitan Elevated Ry. Co.*, 129 N. Y. 274; *Triggs* v. *Jones*, 46 Minn. 277.

DICKINSON, J. This appeal from a judgment of the district court brings in question the correctness of the legal conclusions of that court from the facts found by it. The facts as found by the court may be thus stated: During the pendency of an action for divorce, prosecuted by a Mrs. Schacht against her husband, Adolph F. Schacht, one of the defendants in this action, the said Schacht indorsed and transferred to this defendant, Thonet, a promissory note for the sum of $500, the same being the property of Schacht. In consideration thereof Thonet agreed to pay certain debts of

v.53m.—8

Schacht, and to board the latter for one year, the value of which board was fixed at $200. Schacht was also indebted to Thonet in the sum of $45, which indebtedness was agreed to be discharged by this transfer. Thonet knew of the pendency of the divorce suit, and this note was transferred by Schacht, and was received by Thonet, for the purpose and with the intent of hindering, delaying, and defrauding the wife as to any alimony which might be awarded to her, and to render ineffectual any money judgment which she might recover in such pending action. Subsequent to the rendition of judgment in favor of the wife, awarding a divorce with alimony, and after the return unsatisfied of an execution against Schacht, and the institution of proceedings supplementary to execution, in which Thonet had been required to appear and testify as to property of the judgment debtor in his hands, Thonet received payment of the amount then due on the note, $425. Thereafter he paid out for the defendant Schacht, for debts of the latter justly due, the sum of $209.50, aside from his own debt of $45. Schacht is insolvent, and has no property subject to execution. This plaintiff was appointed receiver of his property in proceedings supplementary to execution. The conclusion of the court was that the transfer of the note to Thonet was fraudulent as to the wife of Schacht, and that the proceeds of it in his hands were held by him subject to her right to enforce payment of her judgment therefrom, and that the plaintiff was entitled to recover from him (Thonet) the amount of her judgment, not exceeding the amount received by him. Judgment was entered to this effect, and Thonet appeals.

For the purposes of this decision we may assume that such a transfer of the note would not be covered by any statute having the effect to avoid the same, unless it be 1878 G. S. ch. 41, § 18, which declares void transfers of real property made, as well as bonds or other evidences of debt given, with intent to hinder, delay, or defraud "creditors or other persons of their lawful actions, damages, forfeitures, debts, or demands." It is said that the wife of the defendant in the pending divorce suit, in whose behalf this action is prosecuted, was not a "creditor;" that she is not within the protection of the statute; and that as to her the transfer was not voidable. This statute is founded upon that of 13 Eliz. ch. 5, which included in

terms "goods and chattels" with other property, transfers of which, with the specified fraudulent intent, were declared void. That statute has been held merely declaratory of a rule of the common law, and, notwithstanding the omission of the words "goods and chattels" in our enactment, the common-law rule, partially expressed therein, remains in force. The transfer of such property with the fraudulent intent specified in the statute is voidable. *Piper* v. *Johnston*, 12 Minn. 60, 66, (Gil. 27;) *Blackman* v. *Wheaton*, 13 Minn. 326, (Gil. 299;) *Hicks* v. *Stone*, 13 Minn. 434, 440, (Gil. 398;) *Benton* v. *Snyder*, 22 Minn. 247; *Fox* v. *Hills*, 1 Conn. 294.

The right to call in question the validity of such transfers on the ground of fraud extends to others than *creditors* in the strict sense of that term. Among the classes of "other persons" at whose instance such transfers may be avoided, because of the intent to defraud them in respect to their "lawful actions, damages, forfeitures, debts, or demands," is that of the wife prosecuting, or about to prosecute, a suit for divorce and alimony, when the husband, with intent to render ineffectual any recovery by her, transfers his property to another not a purchaser in good faith. *Twyne's Case*, 3 Coke, 80, 82a; *Livermore* v. *Boutelle*, 11 Gray, 217; *Morrison* v. *Morrison*, 49 N. H. 69; *Bailey* v. *Bailey*, 61 Me. 361; *Feigley* v. *Feigley*, 7 Md. 537; *Bouslough* v. *Bouslough*, 68 Pa. St. 495; *Draper* v. *Draper*, 68 Ill. 17; *Tyler* v. *Tyler*, 126 Ill. 525, (21 N. E. Rep. 616;) *Boog* v. *Boog*, 78 Iowa, 524, (43 N. W. Rep. 515.) But, irrespective of the fact that the statute applies to "other persons" besides "creditors," the wife, upon the rendition of the judgment in the pending suit, became an actual creditor; and even in this view of the case she might avoid the transfer made with intent to defraud her, for a transfer made with intent to defraud even *subsequent* creditors is voidable. *Livermore* v. *Boutelle, supra; Plunkett* v. *Plunkett*, 114 Ind. 484, (16 N. E. Rep. 612, and 17 N. E. Rep. 562.)

The appellant was an active party with the husband in the accomplishment of the fraudulent purpose. The agreement to board Schacht for a year, made with the intent to defeat or render ineffectual the claim of the wife in the pending action, was a fraud upon her, condemned alike by the common law and by the statute, and, being a substantial part of the consideration for the

transfer of the note, that alone rendered the transfer voidable, notwithstanding the further consideration that Thonet should pay certain debts of Schacht, much less in amount, as it seems, than the value of the property transferred. *Albee* v. *Webster*, 16 N. H. 362; *Morrison* v. *Morrison, supra; Sidensparker* v. *Sidensparker*, 52 Me. 481, 490; *Twyne's Case, supra.*

Thonet, having actively participated in the fraud, is not entitled to protection even as to the amounts paid by him out of the proceeds of the note which he collected. The transfer to him is to be treated as void in its entirety, and he is answerable for the proceeds of the note, without deduction even on account of his own debt. *Thompson* v. *Bickford*, 19 Minn. 17, (Gil. 1.) The case will be seen to be distinguishable from one where the property of the debtor is appropriated wholly in payment of the debts of preferred creditors, there being reserved no benefit to himself from the transfer.

Judgment affirmed.

VANDERBURGH, J., took no part.

(Opinion published 54 N. W. Rep. 942.)

Submitted on briefs April 10, 1893. Decided April 27, 1893.