## SPRAGUE *et al.* v. RYAN.

A debtor conveyed property to defraud creditors, receiving its value in cash and notes. The grantee, at the debtor's request, mortgaged the property, and used the money in paying a *bona fide* debt of the debtor, who credited the grantees' notes with the amount. *Held,* that the grantee would be relieved from claims of other creditors, to the extent of such payment.

(Opinion filed May 21, 1898.)

Appeal from circuit court, Pennington county. Hon. WILLIAM GARDNER, Judge.

Action by Albert A. Sprague and others against George W. Ryan, to recover the value of certain real estate. From an order overruling a demurrer, plaintiffs appeal. Affirmed.

The facts are stated in the opinion.

*Wood & Buell*, for appellants.

Cited Byrnes v. Volz, 54 N. W. 942; Morris v. Nyswanger, 5 S. D. 307.

*Schrader & Lewis*, for respondent.

In an action to cancel a deed for fraud all matters of accounting or growing out of the transfer are a part of the issues and cannot be re-litigated. Waite Fraud. Con., § 176; Gohan v. Crawford, 25 S. E. 123; Vance Sho. Co. v. Haight, 23 S. E. 553; Collumb v. Read, 24 N. Y. 505.

Where a fraudulent grantee gives a mortgage to secure a creditor at the request of the grantor the mortgage is good and is as though made by the grantor before the fraudulent conveyance. Brooks v. Wilson, 6 N. Y. Sup. 116; Murphy v. Briggs, 89 N. Y. 446; Bump on Fraud. Con., 607-608. Even if the intent on the part of the defendant had been fraudulent yet the mortgage would have been good. Williams v. Harris, 4 S. D. 29; Comp. Laws, §§ 4653-4654.

CORSON, P. J. This is an appeal from an order overruling a demurrer to the answer. The action was instituted by the plaintiffs, who were judgment creditors of a firm of which one Frease was a member, to the amount of about $5,500, to recover of the defendant the value of certain real estate (alleged to be about $3,500) that said Frease had conveyed to him with intent to hinder and defraud the creditors of said Frease, and to which fraudulent intent the defendant was a party, and which the defendant transferred to an innocent grantee, thereby preventing the plaintiffs from levying upon it to satisfy their judgment. The defendant, in effect, admitted the conveyance of the property to him, subject to a $2,500

mortgage previously executed by Frease and wife in good faith, and denied that Frease's interest in the property exceeded $5,000 in value, which sum he had agreed to pay Frease therefor.   He further alleged that, a short time after said conveyance to him, he, at the request of said Frease, mortgaged said property to certain *bona fide* creditors of said Frease for $2,250, subject to said $2,500 mortgage, and which said $2,250 was credited upon the notes given by him to said Frease for the purchase price of said property, and that he subsequently paid said Frease $750, the balance of said purchase price, in cash.   He further alleges that the said two mortgages were foreclosed, and the property sold for the amount due upon said two mortgages, and was not redeemed from such sale.   He further alleged that said plaintiffs commenced an action against this defendant to set aside the conveyance from Frease to him on the ground that the same was fraudulent and void as to the creditors of Frease, and a judgment was duly entered therein, vacating and setting aside said sale, and revesting the title to said property in said Frease, thereby subjecting it to levy under plaintiffs' said judgment.

The plaintiffs contend that as the property was fraudulently conveyed to the defendant, and by him mortgaged to innocent mortgagees, thereby depriving the plaintiffs of the benefit of a levy upon said property under their judgment, he is liable to them for the full value of the same at the time of the transfer to him.   The defendant, on the other hand, contends that as he appropriated the property to the payment of the debt of the said Frease, at his request, such appropriation constitutes a good defense to this action.   He further contends that as the plaintiffs recovered a judgment against him, setting

aside and vacating said conveyance from Frease to him, the title to said property was thereby revested in Frease, and was subject to execution upon the plaintiffs' judgment, and that any claim for an accounting could have been determined in that action; that matters of accounting growing out of the transfer were a part of the issues in that case, and that they cannot again be litigated.    It would appear, therefore, from the answer, that the defendant applied $2,250 of the $3,000 he had agreed to pay for the property,' and which, it is conceded, was its value, over and above the $2,500 mortgage, to the payment of a valid and *bona fide* debt due the creditors of Frease.    As Frease could have preferred these creditors, and executed a mortgage to secure such debt due from him to them (Manufacturing Co. v. Max, 5 S. D. 125, 58 N. W. 15), it would seem to follow that the execution of the mortgage at the request of Frease should relieve the defendant, to the extent of such payment, from the claim of these plaintiffs; and this view seems to be sustained by authority.    Mr. Bump, in his work on Fraudulent Conveyances, says:    "The creditors, however, ought to receive their debts, and the law gives them a claim to the property, and charges the grantee as a trustee in consequence of his possession.    The trust is not express, but arises by operation of law, in consequence of his having in his hands that which ought to be applied to the satisfaction of their demands. It depends, therefore, on the possession of the property.    If the grantee therefore devests himself in good faith of that which he could not retain without dishonesty before the right of the creditors to call him to an account accrues, there is nothing remaining upon which to raise a trust, and the relation of trustee ceases.    The grantee for the same reason cannot be

held to account for the property, or the proceeds arising from a sale of it, which have been applied by him in good faith to the payment of the debts of the grantor." Bump, Fraud. Conv. pp. 607, 608. The learned author cites a large number of cases in support of this proposition. Since the work of Mr. Bump was published, the court of appeals of New York, in Murphy v.. Briggs, 89 N. Y. 446, in a well-considered case, has affirmed this doctrine. In that case the court says: "And although the conveyance by More was fraudulent as to creditors, and hence should be declared void, it did not deprive More and his wife from entering into an agreement by which, in consideration of a transfer to her of a mortgage which was assigned to her, she should mortgage the land to secure More's indebtedness. The mortgages were only an appropriation of More's property to the payment of his honest debts; and whether this was done by the grantee of the same, with More's approval, or by More himself, could make no difference. If the title was in More, he could have given a preference, and created a lien to pay the indebtedness of the mortgagees; and the grantee having, with More's consent, done what the grantor could have done, by applying the property to pay the demands of creditors, there is no ground for claiming that such transfer was invalid." If a mortgage given by such grantee is valid, it would logically follow that the fraudulent grantee, executing such a mortgage, should not be required to pay other creditors of the fraudulent grantor the amount thus appropriated to the payment of the grantor's legal debts, which he himself could have paid or secured. There may be some question as to the $750 the defendant claims to have paid to Frease to make up the $3,000, the admitted value of Frease's

interest in the property at the time of the fraudulent transfer to the defendant, but we do not deem it proper to pass upon that question on this appeal. .Neither do we deem it necessary to decide whether or not the judgment in the suit of these .plaintiffs against the defendant to set aside said conveyance constitutes a bar to this action. The pleadings in that action are not set out in full in the answer, and we have not therefore, sufficient facts before us to enable us to determine the question. Until the facts, therefore, as to the $750, and the action referred to, are more fully before us, we must decline to express any opinion upon the questions presented by the matters set up. The appellants confidently rely upon the case of Byrnes v. Volz, 53 Minn. 110, 54 N. W. 942, as supporting the claim that they were entitled to recover. of the defendant the full value of the property conveyed to him by Frease, without regard to the $2,250 mortgage. But we think that case, by reason of the peculiar facts disclosed in the opinion, does not sustain appellants' contention    The last sentence in the opinion of the court would seem to clearly indicate that it did not intend to make any departure from the doctrine herein laid down. In his conclusion the judge writing the opinion says, ''The case will be seen to be distinguished from one where the property of the debtor is appropriated wholly in payment of the debts of preferred creditors, there being reserved no benefit to himself from the transfer." Of course, we must assume, for the purposes of this decision, that the $2,250 mortgage was executed in good faith to secure a just and *bona fide* indebtedness from Frease to the creditor mortgagees. The answer therefore, states facts sufficient to constitute a partial defense, at least to the extent of $2,250, and the demurrer was properly overruled. The order overruling the demurrer is affirmed.