MINNEAPOLIS STOCK-YARDS & PACKING CO. *vs.* JOHN HALONEN *et al.*

Argued by appellant, submitted on brief by respondents, Jan. 9, 1894. Reversed Feb. 9, 1894.

No. 8534.

**Burden of proof of consideration as against creditors.**

> Where a judgment is upon a claim which accrued prior to a conveyance to his wife of property belonging to the debtor husband, which property the creditors are trying to reach, the burden of proof is upon the wife to show the purchase by clear and satisfactory evidence, and that it was for a valuable consideration paid by her, or by some one in her behalf. She cannot rest her case solely upon production of a deed in which there is an expressed consideration.

Appeal by plaintiff, the Minneapolis Stock Yards and Packing Company, a corporation, from a judgment of the District Court of St. Louis County, *J. D. Ensign, J.,* entered August 22, 1893, dismissing its action and for $18.80 costs.

*McKusick & Grannis,* for appellant.

*John Jenswold, Jr.,* for respondents.

COLLINS, J.   This action was brought to subject certain real property in St. Louis county to the payment of a judgment entered and docketed in plaintiff's favor against two of these defendants, John Halonen and Peter Peterson, December 31, 1892, for about $1,100. The indebtedness on which the judgment was obtained, which seems

to have been a running account, was incurred between April 30 and October 16, 1892. A part of it was existing August 29th of that year, and on that day said debtors were indebted to plaintiff in a sum exceeding $1,100. The defendant Olaf Halonen was the brother of John, and defendant Ulrika Halonen was then the wife of said John. On that day, and for some time prior thereto, John Halonen was and had been the owner in fee of the real property involved, and on that day he conveyed by warranty deed—his wife, Ulrika, joining therein—all of said property, the same being all the real property owned by him in said county; the consideration recited in the deed being $2,000. Two days later—August 31st—said Olaf Halonen (his wife joining) made, executed, and delivered a warranty deed, whereby, for an expressed consideration of $2,200, they conveyed all of said real estate to said Ulrika Halonen. This deed was recorded on the same day, August 31st, but the deed in which Olaf Halonen was named as grantee was not placed upon record until September 12th. The title of record remained in said Ulrika at the commencement of this action. Other circumstances attending and which served to characterize the transaction, not necessary to detail, were shown upon the trial.

It is very evident that the object of these conveyances was to transfer the record title to this property from the husband to the wife. By means of these deeds the parties sought to do by indirection what the statutes of this state would not permit to be accomplished by direct means; that is, by a conveyance in which the husband was the grantor and the wife the grantee. There was no testimony whatsoever, and no finding, as to what the real consideration was for either of these deeds. There was no attempt to explain the transaction, or to show what was paid by either Olaf, the brother, or Ulrika, the wife. The defendants rested their case wholly upon the bare introduction of the deeds in evidence, upon the assumption that, as they were under seal, they were presumed to have been executed and delivered for a valuable consideration, and that it was incumbent upon the plaintiff to overcome this presumption by evidence. Evidently the trial court regarded this view of the law as correct, but it was in error. 1878 G. S. ch. 69, § 4, provides that when the rights of creditors come in question the wife shall be held to have notice of the contracts and debts of her hus-

band as fully as if a party thereto. Although, in this case, the wife received a conveyance of the property with knowledge of her husband's indebtedness, because of the statute, it may not follow that she received it with knowledge of a fraudulent intent on his part. But it is well settled that such is the community of interest between husband and wife, and purchases and conveyances are so often made as a cover for a debtor's property, are so frequently resorted to for the purpose of withdrawing his property from the reach of his creditors and preserving it for his own use, and furnish such temptations for fraud, that they require close scrutiny.

In a contest between the wife and the creditors of a husband there is, and there should be, a presumption against her which she must overcome by affirmative proof. Such has always been the rule of the common law, and the rule continues, though statutes have modified and changed the relations which at common law existed between husband and wife as to the property of the latter. *Seitz* v. *Mitchell*, 94 U. S. 580. Without going any further than is necessary for a determination of this case, we are of the opinion that where a judgment is upon a claim which accrued prior to a conveyance to his wife of property belonging to the debtor husband, which property the creditors are trying to reach, the burden of proof is upon the wife to show the purchase by clear and satisfactory evidence, and that it was for a valuable consideration, paid by her, or by some one in her behalf. *Burt* v. *Timmons*, 29 W. Va. 451, (2 S. E. 780;) *Frank* v. *King*, 121 Ill. 250, (12 N. E. 720;) *Adams* v. *Edgerton*, 48 Ark. 419, (3 S. W. 628;) *Brickley* v. *Walker*, 68 Wis. 563, (32 N. W. 773;) *Peeler* v. *Peeler*, 109 N. C. 628, (14 S. E. 59;) *Strong* v. *Lawrence*, 58 Iowa 56, (12 N. W. 74.) See, also, *Kaine* v. *Weigley*, 22 Pa. St. 179.

It was incumbent upon the defendant Ulrika to show the real consideration for these conveyances.

The judgment appealed from is reversed, and a new trial ordered.

(Opinion published 57 N. W. Rep. 1136.)