ALMIRA COCHRAN v. JAMES Z. COCHRAN and Others.[1]

December 29, 1905.

Nos. 14,514—(126).

**Issues of Fact.**

Action to set aside a deed and mortgage as fraudulent as to the plaintiff and to subject the land therein described to the payment of her judgment for alimony. *Held*, the trial court properly exercised its discretion in refusing to submit the issues of fact to a jury.

**Admission of Evidence.**

There were no reversible errors in the rulings of the court as to the admission of evidence.

**Fraudulent Conveyance.**

The right to challenge the validity of a deed or other transfer of property on the ground of fraud extends to others than creditors in the strict sense of that term. A wife, after a decree dissolving her marriage and awarding her alimony, may maintain an action to set aside a transfer of property made by her husband pending the divorce action with intent to render ineffectual any recovery by her of any alimony which might be adjudged to her by the decree.

**Evidence.**

The evidence is sufficient to sustain the findings and decision of the trial court to the effect that the deed and mortgage were fraudulent as alleged.

Appeal by defendants from an order of the district court for Wright county, Giddings, J., denying a motion for a new trial. Affirmed.

[1] Reported in 105 N. W. 183.

*R. L. Penney,* for appellants.

*F. D. Larrabee* and *J. J. Woolley,* for respondent.

START, C. J.

Action to set aside a certain deed and mortgage as fraudulent as to the plaintiff and to subject the land therein described to the payment of the plaintiff's judgment. The cause was tried by the court without a jury, and as a conclusion of law from the facts found judgment was ordered for the plaintiff subjecting the land to the payment of her judgment. The defendants appealed from an order denying their motion for a new trial.

The facts in this case as found by the trial court are substantially these: The plaintiff and the defendant James Z. Cochran, hereinafter designated the defendant, were husband and wife for more than a quarter of a century next before March 29, 1904, and on that day a decree of divorce in favor of the plaintiff was duly entered in an action then pending since April, 1903, between them in the district court of the county of Wright, whereby the marriage was dissolved, and which further adjudged that the plaintiff recover from the defendant $7,388.33 as alimony and that execution issue for the enforcement of the judgment. An execution was so issued and duly returned wholly unsatisfied, and no part of the judgment has been paid. The defendant at the time the divorce action was commenced was the owner of the land described in the complaint which was of the value of $18,000. The defendant, during the pendency of the action and on June 22, 1903, executed in form to the defendant Carl Brock a warranty deed of the land, which was duly recorded. On the same day the defendant Carl Brock and his wife, the defendant Caroline Brock, executed and delivered to the defendant a mortgage on the land purporting to secure the payment of their promissory notes to the defendant in the sum of $12,850. The mortgage was also duly recorded. The deed and mortgage were each made and accepted by the parties thereto for the purpose of defrauding the plaintiff in the collection of any judgment she might obtain in such action against the defendant. The defendants Brock and wife had notice and knowledge of such fraudulent intent of the defendant at the time the deed and mortgage were executed.

1. When the cause was called for trial the defendants moved the court

that the questions of fact in the case be submitted to a jury and that the case be continued until such time as a jury could be had. The court denied the motion and the ruling is here assigned as error. The submission of issues of fact to a jury in an equitable action is a matter · within the discretion of the trial court. The discretion was properly exercised in this case.

2. The defendant assigns a number of errors based upon the rulings of the court as to the admission of evidence, but only two of them are attempted to be urged in the brief of counsel; therefore the others are waived. Dunnell, Minn. Pr. § 1800.

What is said as to the first one is practically a reiteration of the assignment of error. It is this: "The testimony of the plaintiff, as to her conversation with her son when neither defendant was present, was hearsay testimony." This, and nothing more. No attempt is made to show that the testimony was prejudicial, and it is not apparent from the record how it could have been.

The second alleged error urged relates to evidence, oral and documentary, tending to show that the defendant Hatton had no interest in the mortgage and did not claim any. The evidence was certainly material, for the defendant alleged in his answer that he duly assigned the mortgage to the defendant Hatton in good faith, who had no knowledge of the pendency of the divorce action. Whether all of the evidence was competent we need not discuss, for there was sufficient evidence that was competent to show that the defendant Hatton neither had nor claimed to have any interest in the mortgage, and, further, that he is not complaining of the ruling and has not appealed. The evidence could not have been prejudicial to the other defendants, for they had no interest in the defendant Hatton's disclaimer of any interest in the mortgage. There were no reversible errors in the court's rulings on the admission of evidence.

3. The last group of alleged errors relate to the sufficiency of the evidence to support the findings of fact. It is claimed that the plaintiff was not a creditor of the defendant at the time the land was conveyed by him to the defendant Brock, as the divorce action had not then been · tried, and there was then no judgment in her favor against the defendant. The right to challenge the validity of a deed or other transfer of property on the ground of fraud extends to others than creditors in the

strict sense of the term, and a wife, after a decree dissolving her marriage and awarding her alimony, may maintain an action to set aside a transfer of property made by her husband pending the divorce action with intent to render ineffectual any recovery by her of any alimony which might be adjudged to her by the decree. Byrnes v. Volz, 53 Minn. 110, 54 N. W. 942.

Again it is urged that there was no proof that the defendant had not other property sufficient to satisfy the plaintiff's judgment, or that an execution on the judgment had been issued and returned unsatisfied. It was not necessary to make proof of either fact; for this action is not a creditors' bill proper to reach equitable assets of the defendant, but an action to set aside a fraudulent transfer made by the defendant of his land as an obstruction to the collection of the plaintiff's judgment. Wadsworth v. Schisselbauer, 32 Minn. 84, 19 N. W. 390; Spooner v. Travelers' Ins. Co., 76 Minn. 311, 79 N. W. 305.

The defendant is in no position to claim that there was no evidence that an execution had been issued and returned unsatisfied as found by the court, even if it were material. The record shows that the plaintiff's counsel offered in evidence all the records and files in the divorce action, to which the defendants' counsel objected, for the reason that "it was all admitted in the answer." The ruling of the court was in these words: "It being all admitted in the answer, and so understood, the objection is sustained." Thereupon counsel for plaintiff said, "That being understood, I withdraw the offer," and no proof of the formal allegations of the complaint was made. The question was not raised on the motion for a new trial, but was first raised here. An examination of the answer shows that the allegation of the complaint that an execution had been issued and returned unsatisfied was put in issue. Nevertheless it is clear that the case was tried upon the concession of the defendants' counsel on the trial that the allegation was admitted.

The last claim of the defendant is that the evidence is not sufficient to support the findings of fact to the effect that the deed and mortgage in question were one transaction and made by the defendant for the purpose and intent of cheating and defrauding the plaintiff out of the alimony to be and which was awarded to her, and, further, that his codefendant Brock had notice and knowledge of such purpose at the time the deed and mortgage were made. We have carefully considered the record

with reference to this question, and hold that the evidence was not only sufficient to sustain the finding, but, further, that it shows beyond any fair doubt that the defendant intended by the transaction to defraud the plaintiff, as found by the court, and that the defendant Brock had notice of facts and circumstances in the premises sufficient to put a reasonably prudent man on his guard and to charge him with knowledge of the fraudulent purpose of the defendant.

Order affirmed.