UNITED NORWEGIAN CHURCH OF AMERICA v. STEPHEN CSASZAR AND ANOTHER.[1]

January 31, 1919.

No. 21,066.

**Fraudulent conveyance — complaint sufficient.**

1. The complaint states sufficient facts to entitle plaintiff to enforce

[1] Reported in 170 N. W. 694.

its judgment against the property conveyed by the debtor to his wife.

**Same — conveyance from husband to wife — burden on wife to prove good faith.**

2. Where a conveyance made by a husband to his wife, through the medium of a third party, is attacked as fraudulent by a creditor of the husband whose debt accrued prior to the conveyance, the burden is on the wife to show the good faith of the transaction.

**Same — evidence — findings — decision.**

3. The evidence sustains the findings of fact and these findings justify the conclusions of law.

Action in the district court for Hennepin county by plaintiff, doing business as the Augsburg Publishing House, to set aside certain deeds; to subject the property thereby conveyed to the payment of plaintiff's judgment; and to require defendant Stephen Csaszar to disclose his interest in the property and to subject it to the payment of plaintiff's judgment. The answer alleged that for 20 years defendant Mary Csaszar possessed considerable separate property and real estate derived from her manual labor, savings, gifts, an inheritance, and that her husband, Stephen Csaszar, had during that time been her agent to invest, manage and care for her separate property and estate for her in her name, and not otherwise, as she should direct, and in the absence of any direction on her part, as he might deem best for her interest; that he took and held for her the legal title to the real estate in his name for convenience in managing it until August 6, 1914, when it was honestly transferred to her, at her request, by the deeds mentioned in the complaint; that the conveyance to defendant Weisz and from him to defendant Mary Csaszar were honestly made in good faith to vest the legal title in her name. The case was tried before Fish, J., who made findings and ordered judgment in favor of plaintiff. From an order denying their motion for a new trial, defendants appealed. Affirmed.

*A. C. Middelstadt,* for appellants.

*A. D. Evans* and *E. F. Hilton,* for respondent.

TAYLOR, C.

Plaintiff recovered a judgment in the municipal court of the city

of Minneapolis on August 7, 1915, against defendant Stephen Csaszar and one Edmond Weisz for the sum of $437.25. A transcript of the judgment was duly filed and docketed in the office of the clerk of the district court of Hennepin county on May 1, 1916, and an execution issued thereon was returned wholly unsatisfied on April 19, 1917.

On August 6, 1914, defendant Stephen Csaszar, his wife, defendant Mary Csaszar, joining with him therein, conveyed a lot in the city of Minneapolis, then owned by him, to defendant Weisz, and·on the same date defendant Weisz conveyed the lot to defendant Mary Csaszar. Plaintiff, claiming that these conveyances were made without consideration for the purpose of defrauding creditors, brought this action to subject the lot to the payment of its judgment. The trial court made findings of fact which amply sustain its conclusion that plaintiff is entitled to enforce its judgment against the lot. Defendants Csaszar appealed from an order denying a new trial.

Defendants contend that the complaint does not state facts sufficient to constitute a cause of action. The complaint set forth the judgment, and alleged that it was founded upon a claim which accrued prior to the conveyances in question. Defendants insist that this allegation is defective in failing to state the nature of the debt or claim. We think it sufficient as against the objection that the complaint fails to state a cause of action. The claim that the complaint fails to show the insolvency of the debtor is without merit, for it shows that an execution against him, issued upon this judgment, was returned wholly unsatisfied. The claim that the debt was not contracted on the credit of this lot, for the reason that the judgment debtor did not acquire the lot until after he had contracted the debt, is also without merit.

Defendants apparently contend that there is no sufficient evidence to prove the debt for which the judgment was rendered and hence that there is no evidence of the existence of the debt prior to the date of the judgment. A written obligation admittedly executed by Stephen Csaszar before the making of the conveyances in controversy was put in evidence, and the judgment roll, also put in evidence, shows that suit was brought on this obligation and that the judgment in question was rendered for the amount due thereon. That the debt existed prior to the making of the conveyances sufficiently appeared.

Defendants also contend that the finding that the deeds were made in fraud of creditors is not sustained by the evidence, for the reason that plaintiff, after putting in evidence the deeds showing a conveyance of the lot from the debtor, Stephen Csaszar, through a third party to his wife, offered no further evidence to show that the conveyance was fraudulent. No further evidence was required. Ordinarily the burden is on the creditor to show the fraudulent character of the conveyance which he attacks, but where a husband who is in debt conveys property to his wife, either directly or through the medium of a third party, the burden is on the wife to show the good faith of the transaction. Minneapolis Stock-Yards & Packing Co. v. Halonen, 56 Minn. 469, 57 N. W. 1135. Defendants offered no evidence whatever. Consequently the court could not do otherwise than hold the conveyances fraudulent.

The evidence sustains the findings of fact and we find no other matters which require mention.

Order affirmed.