## F. E. MURPHY v. J. AMBROSE CASEY, OTHERWISE KNOWN AS AMBROSE CASEY, AND EMMA CASEY.

### EMMA CASEY, Appellant.[1]

March 31, 1922.

No. 22,700.

**Fraudulent conveyance—verdict sustained.**

    1. In an action to set aside a conveyance of real property as in fraud of creditors, the evidence is *held* to sustain the verdict of the jury to the effect that the conveyance complained of was fraudulent.

[1]Reported in 187 N. W. 416.

**Claim in tort protected by act.**
 2. Claims arising in tort, as well, as those of a contractual nature, are within the protection of the statute against fraudulent conveyance.

**Creditors not bound by recital of consideration paid.**
 3. A recital in the deed of conveyance of the payment of a consideration is not evidence against the creditors of the grantor.

**Failure of grantee to prove payment renders conveyance voluntary.**
 4. The burden to prove such payment is upon the grantee, and where the transaction is between near relatives, as mother and son, the failure to do so renders the conveyance voluntary, and therefore presumptively fraudulent as to creditors.

Action in the district court for Aitkin county to set aside a conveyance of real property. In her separate answer Emma Casey alleged she was a bona fide purchaser of the lands and actually paid therefor the sum of $4,700. The case was tried before Stanton, J., who denied defendant's motion to dismiss the action and plaintiff's motion for a directed verdict, and submitted certain specific questions to the jury which answered that the deed was delivered with intent to delay and defraud defendant's creditors. From an order denying defendant's motion for a new trial, Emma Casey appealed. Affirmed.

*L. T. Mahany,* for appellant.
*Washburn, Bailey & Mitchell,* for respondent.

BROWN, C. J.

Action to set aside a conveyance of certain real property by defendant J. Ambrose Casey to defendant Emma Casey as fraudulent and void as to the creditors of the grantor. Certain specific issues were submitted to a jury and a verdict rendered thereon sustaining the alleged fraud. Defendant Emma Casey appealed from an order denying a new trial.

There is no controversy in the facts, the evidence being undisputed on the record. The legal inferences and conclusions to be drawn from the facts present the only question in the case. It appears that in March, 1918, plaintiff brought an action against de-

fendant J. Ambrose Casey in the district court of St. Louis county, and therein, after due trial of the issues presented by the pleadings, recovered a verdict against him in the sum of $11,000. A motion for judgment notwithstanding the verdict or a new trial was denied on September 23, 1918, and on October 11, 1918, a judgment on the verdict was rendered and docketed in plaintiff's favor for the amount of the verdict with interest and costs of suit. Execution thereon was subsequently issued and by the sheriff returned unsatisfied.

At the time of the commencement of the action Casey, defendant therein, was the owner of the land in question in this action, and continued such owner until he conveyed the same to defendant Emma Casey two days after his motion for a new trial had been denied. Though the deed so conveying the land bears date September 18, four days prior to the denial of the motion, it was not in fact delivered until September 25; the jury so found under proper instructions of the court. The deed was duly recorded on that day. Whether it was delivered to the register of deeds for record by defendant J. Ambrose Casey, or by the grantee, defendant Emma Casey, does not appear. The relationship between the Caseys is that of mother and son.

The record does not show the basis or foundation of plaintiff's claim in that action, whether it was in tort or on contract. However, Mrs. Casey knew of the pendency of the action and was present at the trial thereof either as a witness or because of her interest in the welfare of her son. From the relationship between them, and the presence of Mrs. Casey at that trial, the jury was justified in reaching the conclusion that she was familiar with the facts of the case and knew of the rendition of the verdict therein. She was not a witness on the trial of this action; neither was the son. Defendant Ambrose is insolvent and was in that financial condition when he conveyed the land in question to his mother; at least the evidence, without further showing on the point, will justify a finding to that effect when the cause shall be presented to the trial court for formal findings supplemental to the special verdicts of the jury. Such are the facts.

The jury specially found (1): That the deed, though dated September 18, 1918, was not in fact delivered to the grantee until the twenty-fifth; (2) that it was executed and delivered with the intention on the part of Casey, the grantor, of hindering, delaying and defrauding his creditors; and (3) that Mrs. Casey had knowledge of facts which, if inquired into, would have disclosed the fraud of her son.

1. The question presented is whether the evidence sustains the verdict in those respects. We answer it in the affirmative. The fraudulent purpose of Casey, in transferring the land to his mother, is made clear by the record; he intended to prevent, if possible, the enforcement of the verdict against him, and resorted to the transfer of his property to his mother to accomplish that end. The recovery against him was quite large, and the time and circumstances surrounding the conveyance, following closely on the denial of his motion for a new trial, tell the whole story insofar as concerns his individual intention, disclosing a manifest purpose of placing his property beyond the reach of the particular judgment. No evidence was tendered to show that he was paid a consideration for the transfer, or that his mother, the grantee, knew anything about the conveyance until the deed was delivered to her. His apparent bad faith in the matter is in no way explained away. He offered no evidence on the trial.

2. There is no doubt on the authorities that plaintiff is a creditor within the meaning of the law controlling rights and liabilities of this kind. Although it does not appear whether plaintiff's claim was founded in tort or on contract, that is not material. The fact does appear that the claim was of a pecuniary nature, upon which a verdict of $11,000 was rendered, and, whether based on contract or in tort, is within the protection of the statute against fraudulent conveyances. G. S. 1913, § 7013; Gunn v. Hardy, 130 Ala. 642, 31 South. 443; Petree v. Brotherton, 133 Ind. 692, 32 N. E. 300; Soly v. Aasen, 10 N. D. 108, 86 N. W. 108; Anglin v. Conley, 114 Ky. 741, 71 S. W. 926; 20 Cyc. 430, and citations. The claim had been reduced to verdict at the time of the conveyance.

3. Whether Mrs. Casey was an active participant in the fraud may be doubted. But whether she had notice of facts, which if inquired into would have disclosed the fraud, was on the record a question for the jury. She knew of the claim against her son, and of the pendency of the action to recover thereon; she attended the trial in person, and was in position to hear the evidence tendered in support of the action, and no doubt was later informed of the result of the trial and of the large verdict returned. The jury was justified in so finding. That situation, however, standing alone, would not perhaps be sufficient to connect her as a matter of law with the fraud. If she in fact and in good faith purchased the land of her son, paying a valuable consideration therefor, her title would presumptively be valid. But her good faith in the premises is clearly negatived, and there is no evidence that she paid a valuable consideration for the conveyance. The deed recites a consideration of $4,700, but there was no evidence that that or any other amount was paid by her. The recital in the deed is not evidence of the payment as against plaintiff, and the failure in the proof on the subject renders the conveyance a voluntary one and presumptively fraudulent. Ferris v. Boxell, 34 Minn. 262, 25 N. W. 592; Rux v. Adam, 143 Minn. 35, 172 N. W. 912; Enkema v. McIntyre, 136 Minn. 293, 161 N. W. 587, 2 A. L. R. 411; Minneapolis S. & P. Co. v. Halonen, 56 Minn. 469, 57 N. W. 1135. The burden was upon Mrs. Casey to show the actual payment of a consideration. United Norwegian Church v. Csaszar, 141 Minn. 469, 170 N. W. 694. While the evidence does not directly connect her with the fraud, the facts shown to have been within her knowledge imposed upon her the duty to make inquiry into the purpose and object of the son in making the conveyance. Her failure to do so, since it is clear that due inquiry would have disclosed the fraud, renders her a participant therein by legal inference, subjecting the land to the payment of the claims of defrauded creditors.

This covers the case and all that need be said in disposing of the appeal. We have considered all the points made by appellant and find no reason for interference.

Order affirmed.