# CASES

## ARGUED AND DETERMINED

## IN THE

# SUPREME COURT OF MINNESOTA

---

F. E. MURPHY v. J. AMBROSE CASEY AND ANOTHER.[1]

October 26, 1923.

No. 23,624.

**Assignment of error insufficient.**

1. In an appeal from a judgment, where the trial court has made several findings of fact, an assignment "that the findings of fact are not sustained by the evidence and are contrary to the evidence" is insufficient.

**How far former decision is law of the case.**

2. A former decision is the law of the case only insofar as it is applicable to the facts developed on the second trial, and the special findings of a jury, found by the appellate court to be sustained by the evidence and undisturbed by the trial court on final disposition of the case, are to that extent the law of the case.

**Proof of existing indebtedness sufficient.**

3. Proof of the beginning of an action in March, which was reduced to a verdict in May, and entered into a judgment in October, which remains in force, is sufficient proof of an existing indebtedness at all times after the beginning of the action, as to the appellant who attended the trial.

[1]Reported in 195 N. W. 627.

**Lien obtained by levy of execution when holder of property belonging to debtor makes false certificate.**

4. The judgment creditor acquires a lien by levy where he serves a certified copy of an execution upon the person holding personal property belonging to the judgment debtor and makes application to such person for a certificate showing the description and amount of the property of the judgment debtor held by her and is furnished with a false certificate to the effect that she had no personal property in her hands belonging to the debtor and that she owed him no money.

**Assignment of personal property for purpose of defrauding creditors, void.**

5. Section 7013, G. S. 1913, relating to fraudulent transfers of real estate but omitting personal property, does not abrogate the common law rule which remains in force; and the assignments of personal property made for the purpose of hindering, delaying and defrauding creditors are void as against such creditors.

**Creditors entitled to debtor's unexempt property.**

6. In contemplation of law, a debtor's unexempt property belongs to his creditors and their legal demands must be satisfied before the debtor gives such property to others.

After the former appeal from the order denying a new trial (151 Minn. 486, 187 N. W. 416), judgment was entered in favor of plaintiff, pursuant to the order of Stanton, J. From the judgment entered pursuant to the order for judgment, Emma Casey appealed. Affirmed.

*L. T. Mahany,* for appellant.
*Washburn, Bailey & Mitchell,* for respondent.

WILSON, C. J.

In March, 1918, respondent brought an action against J. Ambrose Casey and another in the district court of St. Louis county, and such proceedings were had that, on May 8, 1918, a jury rendered a verdict in favor of respondent herein for $11,000.

Thereafter the defendants, in that action, secured a stay of all proceedings until the determination of their motion for a new trial, which was denied on September 23, 1918. They then secured an additional stay for the period of 15 days and upon the expiration of

that time judgment was duly rendered and docketed on October 11, 1918, for $11,340.36 and a transcript thereof was duly docketed in the office of the clerk of the district court, Aitkin county, Minnesota, on October 18, 1918. On December 9, 1918, execution was issued, and returned, on February 1, 1919, wholly unsatisfied, except $2.30 which the sheriff collected, and said judgment is still in force.

December 12, 1918, the execution was served by the sheriff upon Emma Casey and on December 19, 1918, she furnished the sheriff with a certificate to the effect that she had no personal property in her hands belonging to J. Ambrose Casey, and that she owed him no money.

This action was brought to set aside conveyances and recover real and personal property which the complaint alleged was given to Emma Casey by her son, J. Ambrose Casey, for the purpose of hindering, delaying and defrauding the respondent herein from collecting his said judgment.

The complaint set forth three separate causes of action, each of which embraced the historical facts above given, and the first cause of action charged that J. Ambrose Casey on or about September 23, 1918, executed and delivered a deed to his mother, Emma Casey, conveying to her, for the purposes above mentioned, certain real estate in Aitkin county, Minnesota, and that this deed was recorded September 25, 1918, in the office of the register of deeds of that county, and alleged that the mother received the same with full knowledge of the said intent of her son.

The second cause of action related to an alleged transfer of $2,760 in money for a similar purpose and with like intent; and the third cause of action set forth an alleged transfer of a $500 Liberty Loan Bond under the same circumstances.

Issue was joined with many of the facts admitted in the answer which denied the alleged misconduct.

Upon the trial of the case, special issues were submitted to a jury relative to the first cause of action, and the jury found: (1) That the deed was actually delivered by the son to the mother on September 25, 1918; (2) that the deed was executed and delivered with intent on the part of the grantor to hinder, delay and defraud his

creditors; (3) that the mother, at the time the deed as made and delivered to her by her son, knew or had knowledge of facts which, if inquiry had been made by her, would have led to the discovery by her that her son gave her the deed for the purpose of hindering, delaying and defrauding his creditors.

The Caseys moved for a new trial of these special issues, and from a denial of that motion they appealed to this court. Murphy v. Casey, 151 Minn. 480, 187 N. W. 416. The order of the lower court was affirmed.

The trial court having heard all the evidence found the facts in reference to the first cause of action as determined by the jury, and also found the facts in the second and third causes of action substantially as claimed by the respondent. Emma Casey has appealed from the judgment.

Counsel for appellant has made an assignment of error to the effect that the findings of fact made by the trial court are not sustained by the evidence and are contrary to the evidence.

Unfortunately this assignment is not sufficient, but fortunately the result arrived at would be the same as if the assignment had reached its intended purpose. When the error specified is that the finding of the court below is not sustained by the evidence, it shall specify particularly the finding complained of. Rule VIII, par. 3. The assignment as made is insufficient to call in question the correctness of any one or more of several specific findings of fact. Hence the facts particularly found are to be taken as true. Smith v. Kipp, 49 Minn. 119, 51 N. W. 656; Stevens v. City of Minneapolis, 42 Minn. 136, 43 N. W. 842; Moody v. Tschabold, 52 Minn. 51, 53 N. W. 1023; Prosser v. Manley, 122 Minn. 448, 142 N. W. 876; Nye v. Kahlow, 98 Minn. 81, 101 N. W. 733.

This court in the former appeal held that the evidence sustained the verdict of the jury to the effect that the conveyance of the land was fraudulent, and, therefore, insofar as the first cause of action is concerned, that decision is the law of the case. Nelson v. Charles Betcher Lumber Co. 96 Minn. 76, 104 N. W. 833.

That the suit was started in March, 1918, a verdict rendered on May 8, 1918, following a trial attended by appellant and judgment

entered thereon on October 11, 1918, should be sufficient proof of the existing indebtedness at all times after the beginning of the action so far as appellant is concerned. It is apparent that the indebtedness antedated the transfers. The indebtedness evidenced by the judgment will relate back to its original inception as regards the question of constituting the respondent an existing creditor. 27 C. J. 472, § 112. Moreover, the right to challenge the validity of the transfer of property on the ground of fraud extends to others than creditors in the strict sense of that term. Cochran v. Cochran, 96 Minn. 523, 105 N. W. 183.

Appellant claims that respondent did not acquire a lien on the personal property prior to the beginning of this action because the sheriff who served a certified copy of the execution, did not serve on Emma Casey "a notice specifying the property levied on, with the person holding the same" as provided in section 7934, G. S. 1913. But section 7935, G. S. 1913, provides that when the officer applies, to the person holding the property, for the purpose of levying upon property, such person shall furnish him with a certificate showing the description and amount of property of the judgment debtor held by him. The officer made this application to Emma Casey and she furnished a certificate to the effect that she had no personal property in her hands belonging to her son, and that she owed him no money. This was a sufficient compliance with the statute under the circumstances to give respondent a lien on the personal property involved. This is an equitable action which was brought in the nature of a creditor's bill to set aside transfers, and to test the truth or falsity of this certificate, and the court found in both the second and third causes of action that "the certificate given by Emma Casey to said sheriff was, at the time the same was given, false."

Appellant assigns as error the ruling of the trial court in overruling his objection to the introduction of any evidence as to the second and third causes of action on the ground that the complaint did not state facts sufficient to constitute a cause of action. It is claimed that the evidence fails to fill any omission in the complaint.

Our statute, section 7013, G. S. 1913, relating to fraudulent transfers of real estate does not include personal property. Such a stat-

ute does not, however, abrogate the common law, and, notwithstanding such omission, the common law rule remains in force. The assignments of personal property made for the purpose of hindering, delaying and defrauding creditors are void as against such creditors. Blackman v. Wheaton, 13 Minn. 299 (326); Hathaway v. Brown, 18 Minn. 373 (414); Benton v. Snyder, 22 Minn. 247; Byrnes v. Volz, 53 Minn. 110, 54 N. W. 942. This statute, however, is now superseded by the Uniform Fraudulent Conveyance Act, chapter 415, p. 642, Laws 1921.

A man's property, except as to his exemptions, is subject to the payment of his debts. In fact, in contemplation of law all his unexempt property belongs to his creditors, and their legal demands must be satisfied before the debtor may make gifts of such property to his near relatives or to others. May v. Walker, 35 Minn. 194, 28 N. W. 252; Stephon v. Topic, 147 Minn. 263, 180 N. W. 221.

Accordingly we hold that the complaint in reference to the second and third causes of action states facts sufficient to constitute a cause of action and the ruling of the trial court in receiving the evidence was proper.

There is sufficient evidence in each cause of action to justify the findings of the trial court, and hence they are not to be disturbed.

Judgment affirmed.