FRED SCHUMACHER v. ALBERT A. STREICH AND OTHERS.[1]

October 22, 1926.

No. 25,533.

**Mortgage and deed fraudulent as to plaintiff.**
1. The evidence sustains the finding that a mortgage and deed were fraudulent as to the plaintiff judgment creditor.

**Finding sustained as to date of debts put in judgment.**
2. The evidence sustains the finding that the debts upon which the judgments were entered antedated the mortgage and conveyance.

Appeal and Error, 3 C. J. p. 836 n. 29.
Fraudulant Conveyances, 27 C. J. p. 821 n. 39; p. 822 n. 57.

Action in the district court for McLeod county to set aside a mortgage and deed as fraudulent as to plaintiff, a judgment creditor. The case was tried before Olsen, J., who ordered judgment in favor of plaintiff. Defendants appealed from an order denying their motion for a new trial. Affirmed.

*Tifft & Youngdahl*, for appellants.

*Joseph P. O'Hara* and *George A. & C. H. MacKenzie*, for respondent.

DIBELL, J.

Action to set aside a mortgage and deed as fraudulent as to the plaintiff, a judgment creditor. There were findings for the plaintiff and the defendants appeal from the order denying their motion for a new trial.

1. On October 25, 1924, a judgment was entered in favor of the plaintiff against the defendants Albert A. and Henry Streich for $1,090.81. On March 31, 1925, a judgment was entered in favor of the plaintiff and against the two defendants named and Wilhelmine Streich for $4,315.62. On August 8, 1924, the defendant Albert

[1]Reported in 210 N. W. 634.

A. Streich mortgaged a farm to the defendants Emma M. Carlson, his daughter, and Theodore Streich, his brother, to secure $10,000. On the same day Albert A. conveyed the farm to Herman H. Streich, a son. There was a prior mortgage of $15,000. The mortgage and conveyance were a part of the same transaction and the land was treated as of a value of $31,000. No fresh consideration passed upon the giving of the mortgage nor upon the making of the deed. It is the claim of the defendants that there was a prior indebtedness, which the mortgage was given to secure, and so there was at the most no more than a preference; and that there was an indebtedness, and some obligations assumed, which furnished a consideration for the deed. The court found that there was no consideration for either.

The testimony of the defendants as to a consideration was not directly disputed. But their testimony was uncertain and unsatisfactory. Documentary evidence which would have been useful was not preserved. Arther P. Carlson, the husband of Emma M., was not a witness. If the claim of the defendants is true he likely would have had some knowledge. There was an item of $4,000 which was claimed to enter into the making of the mortgage. If the claim was true Henry Streich and some officer or officers of the local bank had knowledge concerning it. None of them was called. The indebtedness of $4,000 from Albert A. to his son, claimed to be a part of the $6,000 consideration for the deed, was some 10 years old; and the evidence as to two notes of $1,000 each, entering into the consideration, is vague. The court was justified in discrediting it.

The evidence sustains the finding of fraud. It was enough that it be proved by circumstantial evidence. Pfefferkorn v. Seefield, 66 Minn. 223, 68 N. W. 1072; State Bank of Gibbon v. Walter, 167 Minn. 37, 208 N. W. 423. Perhaps a finding either way would be conclusive upon us. The transaction was a family affair. It is susceptible of the view expressed by the trial court:

"It seems reasonably clear from all the evidence and the facts and circumstances shown, that the deed and mortgage were given to hinder and defraud plaintiff as a creditor, and that it was a

family distribution and the grantees did not take innocently or in good faith."

2. There was no direct proof that the debt which was the basis of either judgment was in existence at the time of the giving of the mortgage or the conveyance of the land. The finding of the court, following the pleadings, was that they were.

No question was made at the trial, and apparently not on the motion for a new trial, that the debt upon which the judgments were entered did not antedate the transfers alleged to be fraudulent. In view of the course of the trial, and some slight evidence of two notes owing the plaintiff, and some evidence that one of them went into judgment, the finding of the court was justified. To hold otherwise, conceding the necessity of such proof, would seem to result in sending the case back for a finding upon a point to which the defendant made no question. In holding so we assume without deciding that proof of an indebtedness at the time of the mortgage and deed was necessary.

The facts arose subsequent to the going into effect of the Uniform Fraudulent Conveyance Act, G. S. 1923, §§ 8475-8479. The provisions of that act, so far as concerns this case, do not affect the law before prevailing in this state.

Order affirmed.