# GEORGE L. BARNARD v. HENRY G. SEAMAN AND OTHERS.[1]

December 31, 1926.

Nos. 25,656-25,658.

**Conveyances were made to hinder and defraud creditors.**
1. The evidence sustains the finding of the court that certain conveyances of real estate made by the bankrupt, of whom the plaintiff is trustee, to relatives, were made to hinder, delay and defraud his present and future creditors.

**Court not bound to accept uncontradicted testimony of defendants.**
2. The testimony of the parties to the conveyances, though not directly contradicted, was not such as to require that it be accepted as true, or to prevent a finding that the conveyances were fraudulent.

**Circumstantial evidence.**
3. Fraud may be proved by circumstantial evidence.

**When proper to consider that conveyance was between relatives.**
4. When there is evidence that a conveyance is fraudulent the fact that it is between relatives is proper for consideration.

**Vendees not entitled to relief on ground of their part payment.**
5. Under the findings the vendees were not entitled to relief upon the ground that they paid in part for the land and did not actually participate in the fraud.

Bankruptcy, 7 C. J. p. 273 n. 27.
Evidence, 23 C. J. p. 47 n. 35; p. 48 n. 39, 41.
Fraudulent Conveyances, 27 C. J. p. 641 n. 50; p. 673 n. 41; p. 822 n. 57.

See note in 12 R. C. L. 537.
See note in 32 L. R. A. 67; 12 R. C. L. 488; 2 R. C. L. Supp. 1435; 4 R. C. L. Supp. 760.

[1]Reported in 211 N. W. 473.

Defendants appealed separately from orders of the district court for Itasca county, Stanton, J., denying their motions for a new trial. Affirmed.

*H. W. Stark*, for appellants.

*Alfred L. Thwing* and *Howard W. Anderson*, for respondent.

DIBELL, J.

Three actions by the plaintiff as trustee in bankruptcy of Henry G. Seaman to set aside conveyances of land in Itasca county as fraudulent as to creditors were tried together. In each there were findings for the plaintiff. The defendants appeal from orders denying their separate motions for a new trial.

1. Seven conveyances dated February 2, 1924, from Seaman to his daughter Dora E. Seaman were recorded on April 24, 1924, covering land in Itasca county, which Seaman owned under state land certificates not fully paid. They covered about 280 acres of land constituting Seaman's farm.

A conveyance dated November 10, 1923, from Seaman to his daughter Mrs. Delta Dexter was recorded on the same day as the others, April 24, 1924. This conveyance covered 80 acres.

A conveyance dated January 2, 1924, from Seaman to his son U. S. Seaman, was recorded May 14, 1924. This conveyance covered a lot in Itasca city.

The conveyance of the farm to the daughter Dora was for an asserted consideration of $5,500 and was subject to the unpaid instalments due the state. Miss Seaman was a postal clerk at Deer River earning $80 per month. She had lived at home and had not saved. The claim is that from time to time she had loaned her father $1,400 and that this was applied on the purchase price. One thousand dollars, it is claimed, was paid in cash which she procured by borrowing on her unsecured notes. The balance was paid by notes to her father which he negotiated. She knew nothing about operating a farm. She did not move upon it after the purchase. She continued her work at the post office. Seaman says that the farm was a losing proposition from the beginning. He was selling it to his daughter with the likelihood that she would lose. The

transaction between the father and the daughter was not evidenced by writing or book entry. No checks evidence the passing of money. Seaman is now living on the farm and the daughter says he is drawing a salary.

The sale to Mrs. Dexter was for $1,000. She and her husband had worked the farm on shares for several years. It is the claim that the senior Seaman was owing his son-in-law for work done, work not included in the farming on shares agreement, that on November 10, 1923, they agreed upon $1,000 as the proper sum, and the deed was then made to the daughter. It is significant that immediately after this arrangement Seaman listed the property as his own in statements which he made for the purpose of securing deposits for the bank of which he was president. His books indicate nothing relative to the sale. There are entries suggestive of the continuance of the old farming arrangement.

The sale to U. S. Seaman was of a property in Itasca city in which he was living. The claim is that the consideration was $300, that his wife paid $100 in cash, and that the balance of $200 was represented by labor theretofore done by him for his father. After the date of the transfer Seaman listed the property as his own. For three months afterwards he charged his son rent.

The defendant was the president of the Farmers State Bank which failed about April 1, 1924. None of the deeds were recorded before the failure. All were recorded within a few weeks afterwards. The bank had been in trouble. It had been necessary to borrow money to prevent its closing. Seaman had made guaranties to secure deposits from an insurance company and a surety company, involving him in a large contingent liability. The court might well conclude that he had a definite knowledge of the bank's condition, that he saw serious trouble not far ahead, and knew he would be liable in large amounts upon his guaranties as the fact afterwards proved to be.

We have not stated all the facts in issue bearing upon the question of fraud. We have stated enough. We have no difficulty in sustaining the finding that Seaman intended to delay and defraud his creditors and that his grantees participated in the transaction.

It was a family affair. Schumacher v. Streich, 168 Minn. 497, 210 N. W. 634. The court was justified in finding that Seaman saw the situation and that he and his family sought to save what they might from the wreck.

The plaintiff as trustee represents creditors whose debts antedate all of the transfers unless it be the one of November 10, 1923, to Mrs. Dexter. However, it does not matter. The court found that the conveyances were made with intent to hinder, delay and defraud certain claimants represented by him as trustee, and with the intent of hindering and delaying and defrauding the owners of other claims; and that the conveyance was received by the defendants with full knowledge of such intent and that there was no consideration. The finding is sustained by the evidence and is such as to bring it within the rule that "every conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors." Uniform Fraud. Conv. Act, L. 1921, p. 643, c. 415, § 7, G. S. 1923, § 8481.

2. The testimony of the defendants was not such as to require the trier of fact to give credit to the testimony of witnesses not directly disputed, and therefore to find an actual consideration and want of fraud. State Bank of Gibbon v. Walter, 167 Minn. 37, 208 N. W. 423; Stephon v. Topic, 147 Minn. 263, 180 N. W. 221; Olsson v. Midland Ins. Co. 138 Minn. 424, 165 N. W. 474. The evidence did not bring the case within the ruling in Second Nat. Bank v. Donald, 56 Minn. 491, 58 N. W. 269.

3. That a conveyance is fraudulent may be proved by circumstantial evidence. Schumacher v. Streich, supra; State Bank of Gibbon v. Walter, supra; Manwaring v. O'Brien, 75 Minn. 542, 78 N. W. 1; Pfefferkorn v. Seefield, 66 Minn. 223, 68 N. W. 1072.

4. That a conveyance is between near relatives is proper for consideration when there is other proof of fraud. Murphy v. Casey, 151 Minn. 480, 187 N. W. 416; United Norwegian Church v. Csaszar, 141 Minn. 459, 170 N. W. 694; Pfefferkorn v. Seefield, 66 Minn. 223, 68 N. W. 1072; Kells v. McClure, 69 Minn. 60, 71 N. W. 827.

5. The defendant Dora Seaman claims that she should be reimbursed for the payments made and allowed a lien for the notes which she gave; and so far as the facts permit the other defendants make similar claims. This is upon the ground that they did not make the purchases with actual fraud. See Leqve v. Stoppel, 64 Minn. 74, 66 N. W. 208; Thompson v. Johnson, 55 Minn. 515, 57 N. W. 223; Byrnes v. Volz, 53 Minn. 110, 54 N. W. 942; Uniform Fraud. Conv. Act, L. 1921, p. 643, c. 415, § 9 (2), G. S. 1923, § 8483. The statement of the rule marks its limitation. The court found that the conveyances were actually fraudulent, that no consideration was paid, and that the defendants knew of the fraud. They are not entitled to relief. See Stephon v. Topic, 147 Minn. 263, 180 N. W. 221.

Some points are urged upon the admission of testimony but they are not of a character requiring discussion.

Orders affirmed.