## SWIFT & COMPANY v. H. B. WAITE LUMBER COMPANY.[1]

February 21, 1929.

No. 27,155.

*William Furst,* for appellant.

*Cobb, Hoke, Benson, Krause & Faegre, L. M. Staples, Koon, Whelan & Hempstead, C. H. Davis* and *W. U. Hauser,* for respondent.

[1]Reported in 229 N. W. 776.

DIBELL, J.

Action to compel the defendant to pay to the plaintiff $540.91 alleged to be owing by it to the Otter Lake Lath Mills, Limited, a corporation, against which the plaintiff obtained a judgment for $975.26, on July 8, 1927, pursuant to which it levied upon the indebtedness owing by the defendant to the lath mills company. There was judgment on the pleadings for the defendant, and the plaintiff appeals.

The complaint alleges that on July 8, 1927, the plaintiff recovered judgment against the Otter Lake Lath Mills, Limited, in the sum of $975.26; that the plaintiff caused an execution to be issued and delivered to the sheriff of Hennepin county; that the sheriff levied upon the indebtedness owing by the defendant to the lath mills company; that the defendant returned that it was owing $540.91; and that it refused to pay.

This action was begun on June 5, 1928. The answer admitted that on and prior to March 25, 1927, the defendant owed the Otter Lake company $540.91; that prior to that date the Otter Lake company assigned the indebtedness to the Canadian Bank of Commerce; that on March 28, 1927, the defendant acknowledged receipt of the assignment and accepted it; that by motion returnable August 12, 1927, the plaintiff moved the court for an order directing the payment to the plaintiff of the sum of $540.91; and that on August 18, 1927, after a hearing, the court denied the motion. The execution, the sheriff's levy and return, the motion of the plaintiff for an order requiring the defendant to pay to the plaintiff $540.91, and the order of the court denying the motion are attached as exhibits to the answer. The reply is a general denial except that it "admits the existence of the judicial records as set forth in the answer." The motion for judgment on the pleadings was made on August 9, 1928, the order granting it was made on August 22, 1928, and judgment was entered on September 17, 1928.

There are included in the record proceedings in a prior garnishment affecting the fund involved. They are of no importance on the motion for judgment on the pleadings. The proceedings which

we have recited relative to the judgment, execution, levy, return and the order on the motion are of consequence since they are admitted by the reply and therefore affect the motion for judgment on the pleadings. From an inspection of them it appears that on August 18, 1927, the court denied the motion of the plaintiff to require the defendant to pay it the $540.91. Just what proof was before the court we do not know. In a memorandum attached it seems that the validity of the assignment had consideration. The court was of the opinion that prior to the levy of the execution there was a valid assignment to the Canadian Bank of Commerce. Nothing was done in way of a review of the order. Besides, it appears in the exhibits attached to the answer, though not especially referred to, that on February 7, 1928, just prior to the commencement of this action, the sheriff returned "that by order of the attorney for the plaintiff the levy hereto attached is hereby released and the execution returned wholly unsatisfied as to the amount due thereon."

The record leaves the plaintiff without a lien upon the property sought to be reached and the question of the validity of the prior assignment determined adversely to it. If the facts alleged in the answer and admitted are given effect, nothing can be determined in this action favorable to the plaintiff. If the facts are as plaintiff claims them to be, it obtained a lien upon the $540.91 owing by the defendant through its judgment and execution, but did not enforce or keep it. And it may be noted that the other claimant to the debt is not a party. Convenient procedure at one time open to the plaintiff is suggested in Murphy v. Casey, 157 Minn. 1, 195 N. W. 627. The order for judgment on the pleadings was right.

Judgment affirmed.